**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **LAMONT NORWOOD, # B-59125,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-cv-0035-JPG** |
| | ) | |
| **S.A. GODINEZ,** | ) | |
| **THOMAS SPILLER,** | ) | |
| **TERRI BRYANT,** | ) | |
| **and SUZAN GRISWOLD,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Lamont Norwood, an inmate currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), has filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff claims that Defendants have promulgated a meal plan and schedule at the prison that have deprived him of adequate nutrition, in violation of his constitutional rights.

Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the Amended Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

### Procedural History

Plaintiff was previously listed as one of five plaintiffs in an action raising nearly identical claims, filed by another Pinckneyville inmate on September 24, 2014.  *Haywood v. Godinez*, Case No. 14-cv-1027-JPG-DGW (S.D. Ill.).  Plaintiff was dismissed without prejudice from that

case on October 22, 2014, however, because he had not signed the complaint. (*Haywood v. Godinez*, Doc. 14).

On October 27, 2014, Plaintiff initiated a separate, individual action, which again raised nearly identical claims. *Norwood v. Godinez*, Case No. 14-cv-1165-MJR-SCW (S.D. Ill.).  The Court conducted a preliminary review of that complaint pursuant to 28 U.S.C. § 1915A and referred an Eighth Amendment claim against Defendants Godinez, Spiller, Bryant, and Griswold for deliberate indifference to Plaintiff's basic need for adequate nutrition to a United States Magistrate Judge for further pre-trial proceedings.  (*Norwood v. Godinez*, Doc. 10).  The next day, however, Plaintiff filed a document entitled, "Motion to Withdraw Complaint." (*Norwood v. Godinez*, Doc. 11).  In the notice of dismissal, Plaintiff asked to withdraw his complaint in its entirety and stated that no one had forced him to make that decision. *Id*.  The Court advised Plaintiff that when a plaintiff moves to dismiss an action (or, technically, files a notice of dismissal) before an opposing party serves an answer or summary judgment motion, dismissal is effectuated without a Court order, and is without prejudice. Fed. R. Civ. P. 41(a)(1)(A)(i). *See Jenkins v. Vill. of Maywood*, 506 F.3d 622, 624--25 (7th Cir. 2007) (Rule 41(a) notice "terminates the case all by itself."). In accordance with Rule 41, the case was dismissed without prejudice (*Norwood v. Godinez*, Doc. 17) and judgment was entered (Doc. 18).  Three days later, Plaintiff filed a motion to supplement the complaint (*Norwood v. Godinez,* Doc. 19), without making any reference to the motion to withdraw he had filed five days earlier.  The motion to supplement was denied as moot (*Norwood v. Godinez,* Doc. 20) and Plaintiff filed no other documents in that case.

Plaintiff filed the instant action on January 12, 2015. (Doc. 1).  On January 26, 2015,

Plaintiff filed an Amended Complaint (Doc. 7) and a Motion for Class Action Certification[1] (Doc. 6).  In these pleadings, Plaintiff refers to the initial case, *Haywood v. Godinez*, Case No. 14-cv-1027-JPG-DGW (S.D. Ill.), but he makes no mention of the most recent case he filed and then voluntarily dismissed, *Norwood v. Godinez*, Case No. 14-cv-1165-MJR-SCW (S.D. Ill.). The Court is also aware, after reviewing the court records in *Haywood v. Godinez*, that Plaintiff has continued to file documents in that case, even after being dismissed.

The Court reviews this procedural history for three reasons.  First, Plaintiff should understand that the only pending case in which he is currently a plaintiff is the present action, *Norwood v. Godinez*, Case No. 15-cv-0035-JPG (S.D. Ill.).  Second, the Court wants to make sure Plaintiff understands that he is responsible for the filing fee in every case he initiates, regardless of whether the complaints raise identical issues.  For example, when Plaintiff filed his previous case (14-cv-1165-MJR-SCW), he incurred a filing fee, even though he subsequently moved to dismiss the case.  By initiating the present action, although nearly identical to his previous case, Plaintiff incurred a second filing fee.  If at some point Plaintiff sought and was granted leave to intervene as a co-plaintiff in *Haywood v. Godinez*, he would incur a third filing fee. *See Boriboune v. Berge,* 391 F.3d 852, 856 (7th Cir.2004) (plaintiffs proceeding under Prison Litigation Reform Act each have to pay their own filing fee, even if they are proceeding jointly).  Finally, Plaintiff is advised that under Rule 41(a)(1)(B) of the Federal Rules of Civil Procedure, because Plaintiff has already voluntarily dismissed this action once, a subsequent notice of dismissal would "operate[] as an adjudication on the merits."

## The First Amended Complaint

According to the First Amended Complaint, Defendants changed the former three-meals-

---

[1] The plaintiff in *Haywood v. Godinez*, Case No. 14-cv-1027-JPG-DGW (S.D. Ill.) is also seeking class certification.

per-day plan at Pinckneyville in September 2013. (Doc. 7, p. 5).  Under the current schedule, inmates are served only two meals each day – a "brunch" at 10:00 a.m., and dinner at 5:15 p.m. Thus, there is a 17 to 18 hour interval between the dinner meal and brunch on the following day. In addition, Plaintiff asserts that the food portions are undersized.  Plaintiff further asserts that Defendants Bryant (food services administrator), Spiller (Pinckneyville Warden), Godinez (Director of the Illinois Department of Corrections – "IDOC"), and Griswold (IDOC Food Administrator) were involved with either creating the "brunch" meal plan or had approved of its use in response to complaints.  *Id*. at 5-8.  Plaintiff further claims that Defendant Godinez adopted this meal plan in an effort to save millions of dollars, and that Defendants Bryant and Spiller have approved serving inadequate food portions, in order to save money.  *Id*.

As a result of the nutritionally inadequate meals and the many hours Plaintiff is forced to wait to eat between the evening dinner and the next day's "brunch," Plaintiff has suffered a number of health problems.  These include dizziness, loss of sleep, failure to comprehend while performing daily activities like reading, writing, or exercising; headaches, weight loss and loss of balance. *Id*.

Plaintiff also claims that Defendants Godinez and Griswold violated his Fifth and Fourteenth Amendment rights to equal protection because prisoners in all other IDOC institutions are still fed three meals per day, while Pinckneyville inmates receive only two nutritionally inadequate daily meals.  *Id*. at 5 and 8.

As relief, Plaintiff seeks an injunction against Defendant Godinez to halt the "brunch program" meal plan.  He also requests money damages. *Id*. at 9.

## Discussion

### Count 1 – Inadequate Nutrition

The Eighth Amendment prohibition on cruel and unusual punishment forbids unnecessary and wanton infliction of pain, and punishment grossly disproportionate to the severity of the crime. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). Prison conditions that deprive inmates of basic human needs – food, medical care, sanitation, or physical safety – may violate the Eighth Amendment. *Rhodes*, 452 U.S. at 346; s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992).

The denial of food is not a *per se* violation of the Eighth Amendment. Rather, a district court "must assess the amount and duration of the deprivation." *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999). *See generally Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (it would be an Eighth Amendment violation to deny a prisoner  an "identifiable human need such as food"); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001) (withholding food from an inmate can, in some circumstances, satisfy the first *Farmer* prong); *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1998) (serving inmates only two meals per day may satisfy the Eighth Amendment if the meals are nutritionally adequate). Here, Plaintiff has alleged that the meals served at Pinckneyville are nutritionally deficient, which would satisfy the objective requirement of an Eighth Amendment claim. *See McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1970); *Wilson v. Seiter*, 501 U.S. 294, 302 (1991).

The Eighth Amendment has a subjective component as well. In order to be found liable, a prison official must have been deliberately indifferent to an inmate's health. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate

indifference standard is satisfied if the plaintiff shows that the defendant acted or failed to act despite the defendant's knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 842. An allegation that a supervisory defendant directed or gave knowing consent to the conduct which caused the constitutional violation is sufficient to plead personal involvement in the violation, even if the supervisor has not participated directly in the violation. *See Chavez v. Ill. State Police*, 251 F.3d 612, 621 (7th Cir. 2001); *McPhaul v. Bd. of Comm'rs of Madison Cnty.*, 226 F.3d 558, 566 (7th Cir. 2000). Plaintiff's amended complaint suggests that Defendants Godinez, Spiller, Bryant, and Griswold had at least this level of involvement in the two-meal-per-day policy.

As such, Plaintiff may proceed on his claim for damages under Count 1 against all four of these Defendants in their individual capacities. Plaintiff may also proceed on his claim for injunctive relief under Count 1 against Defendant Godinez, in his official capacity.

## Count 2 – Equal Protection Claim

Plaintiff fails to state an equal protection claim against Defendants Godinez and Griswold for treating Pinckneyville inmates differently from prisoners in other institutions. A "prison administrative decision may give rise to an equal protection claim only if the plaintiff can establish that 'state officials had purposefully and intentionally discriminated against him.'" *Meriwether v. Faulkner*, 821 F.2d 408, 415 n.7 (7th Cir. 1987), *cert. denied*, 484 U.S. 935 (1987) (citing *Shango v. Jurich,* 681 F.2d 1091, 1104 (7th Cir. 1982)).

> The gravamen of equal protection lies not in the fact of deprivation of a right but in the invidious classification of persons aggrieved by the state's action. A plaintiff must demonstrate intentional or purposeful discrimination to show an equal protection violation. Discriminatory purpose, however, implies more than intent as volition or intent as awareness of consequences. It implies that a decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group.

*Nabozny v. Podlesny*, 92 F.3d 446, 453-54 (7th Cir. 1996) (quoting *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982)).

The complaint does not suggest that the meal plan at Pinckneyville was implemented for the purpose of singling out that group of inmates with the intent of subjecting them to harmful treatment. Furthermore, an equal protection claim, even if supported by the factual allegations, would be redundant to the Eighth Amendment claim in Count 1 and subject to dismissal for that reason. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (dismissing equal protection and Eighth Amendment claims based on same circumstances as free exercise claim because free exercise claim "gains nothing by attracting additional constitutional labels"). The equal protection claim (Count 2) against Defendants Godinez and Griswold shall be dismissed without prejudice.

## Pending Motions

Plaintiff's motion for recruitment of counsel (Doc. 3) remains **PENDING** and shall be **REFERRED** to a United States Magistrate Judge for further consideration.

Plaintiff's motion for service of process at government expense (Doc. 4) is unnecessary and, therefore, **DENIED AS MOOT**.

Finally, Plaintiff's motion for class certification (Doc. 6) also remains **PENDING** and shall be **REFERRED** to a United States Magistrate Judge for consideration. The motion shall proceed in accordance with Local Rule 23.1 and the direction of the magistrate judge.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's claim for damages against Defendants **GODINEZ, SPILLER, BRYANT,** and **GRISWOLD** on **COUNT 1** shall proceed. Plaintiff

may also proceed on his request for injunctive relief against Defendant **GODINEZ**, in his official capacity.

COUNT 2 is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

As to **COUNT 1,** the Clerk of Court shall prepare for Defendants **GODINEZ, SPILLER, BRYANT,** and **GRISWOLD**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 7), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received

by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3) and motion for class certification (Doc. 6).

Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even if his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 9, 2015**

*s/J. Phil Gilbert*
United States District Court
